AD2d 589). Defendants are not confined to answering the amended pleading *(Tatum v Farson,* 167 App Div 581, 585) and the amended answer may contain new allegations in their defenses and counterclaims. Furthermore, even if defendants were not entitled, as a matter of right, to amend their counterclaims, it is well established that absent prejudice or surprise, leave to amend pleadings "shall be freely given" (CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935). (Appeals from Order of Supreme Court, Jefferson County, Inglehart, J.—Amend Counterclaim.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.

■ DAVID BOLSTER, an Infant, by CHARLES BOLSTER, His Father, et al., Appellants, v BOARD OF EDUCATION OF THE PHOENIX CENTRAL SCHOOL SYSTEM, Respondent, et al., Defendant. (Appeal No. 1.)—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Hurlbutt, J. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.

■ DAVID BOLSTER, an Infant, by CHARLES BOLSTER, His Father, et al., Appellants, v BOARD OF EDUCATION OF THE PHOENIX CENTRAL SCHOOL SYSTEM, Defendant, and TOWN OF SCHROEPPEL, Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated at Supreme Court, Hurlbutt, J. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.

■ CARL P. PALADINO, Respondent-Appellant, v RICHARD BROVITZ et al., Individually and Doing Business as S.F.B. ASSOCIATES, Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The record, even when viewed in the light most favorable to plaintiff, reveals that the parties failed to agree upon the amount of a brokerage commission payable to plaintiff. Plaintiff's claim that the parties agreed that he would be paid a commission of $12,500 or 6% of base rents for a 10-year period is no more than an agreement to agree on the amount of commission at some time in the future *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, *cert denied* — US —, 112 L Ed 2d 33; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). Accordingly, defendants were entitled to summary judgment